<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4789**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ABNER MARTINEZ,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., District Judge.  (3:11-cr-02135-JFA-1)

_____

Submitted:  May 23, 2013                     Decided:  May 28, 2013

_____

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abner Martinez appeals the district court's judgment imposing a 168-month sentence following his guilty plea to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning the reasonableness of Martinez's sentence. We affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court committed no significant procedural error, such as improper calculation of the Sentencing Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors and the parties' sentencing arguments, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If the sentence is free from significant procedural error, we also review the substantive reasonableness of the sentence. Id. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A within-Guidelines sentence is presumed reasonable on appeal, and the

2

defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court imposed a procedurally and substantively reasonable sentence. The court properly calculated Martinez's applicable Guidelines range. The court addressed the parties' arguments, made detailed findings on the record, and articulated the basis for the sentence it imposed, grounded in the § 3553(a) factors. Finally, we conclude that neither Martinez nor the available record rebuts the presumption of reasonableness accorded his within-Guidelines sentence. See Montes-Pineda, 445 F.3d at 379.

Martinez filed a pro se supplemental brief raising ineffective assistance of counsel in plea bargaining because Martinez did not realize that the Guidelines enhancements could increase his sentence. Because the record does not conclusively establish that trial counsel rendered ineffective assistance, we decline to address this claim on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (conclusive evidence of ineffective assistance must appear on the record). In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We

3

therefore affirm the district court's judgment. This court requires that counsel inform Martinez, in writing, of the right to petition the Supreme Court of the United States for further review. If Martinez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martinez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED